# INDUSTRIAL COMMISSION v LONG

Ohio Appeals, 9th Dist, Medina Co

No 131.  Decided Sept 28, 1934

John W. Bricker, Attorney General, Columbus, R. R. Zurmehly, Asst. Atty. Gen., Columbus; and L. Ashley Pelton, Prosecuting Atty., for plaintiff in error.

Burroughs & Burroughs, Akron, and J. B. Palmquist, Medina, for defendant in error.

## OPINION

By STEVENS, J.

The rule is now well established, in Ohio, as stated by the Supreme Court in the case of **State ex Depalo v Industrial Comm., 128 Oh St 410**, as follows:

"2. A denial by the Commission of the right of the claimant to continue to receive compensation does not in itself involve a jurisdictional fact, but, in order to entitle the claimant to a rehearing and appeal, it must appear that the Commission's denial was based upon a finding that it had no jurisdiction of the claim and no authority to inquire into the extent of disability or the amount of compensation. * * *"

The denial of claimant's right to participate in the fund in the instant case is based upon §1465-72a, GC, which provides that: "In all cases of injury or death, claims for compensation shall be forever barred, unless, within two years after the injury or death, application shall have been made to the Industrial Commission of Ohio or to the employer in the event such employer has elected to pay compensation direct."

The question is thus presented as to whether or not this is a denial, upon a jurisdictional ground, of claimant's right to participate.

We hold that it is a denial upon a jurisdictional ground, and that the case presented is thus an appealable one.

"3. * * * And a finding of the Commission denying the right of the claimant to receive compensation, or to continue to re-ceive compensation, because the Commission has no jurisdiction of the claim and no authority to inquire into the extent of disability or the amount of compensation, is an appealable decision."

State ex Depalo v Industrial Comm., supra.

As to the second proposition urged by counsel for the commission, it appears from the record herein that, at the hearing in the Common Pleas Court on the motion to require the commission to certify its record, the claimant had asserted, at the hearing before the commission, and had offered evidence there tending to prove, that he had filed a claim with the commission within the 2-year period, and that the claim filed February 20, 1932, was an addition or supplement to said earlier claim; and at said hearing before said court, the claimant offered evidence tending to prove that the commission, after a consideration of all of the evidence offered upon the hearing before it, denied the claimant's right to participate in the fund. It thus appears that the commission acted upon the applicant's claim, and that the complaint in said court was that it acted erroneously, rather than that it failed to act at all.

In such a situation, it is our conclusion that a mandamus action in the Supreme Court would be an entirely inappropriate remedy to compel the commission to certify its transcript of the record of the rehearing, and we predicate that conclusion upon the second syllabus of **State ex Miller v Industrial Comm., 128 Oh St 254**, wherein it was stated:

"2. Action of the Industrial Commission upon a claim for workmen's compensation may be compelled by mandamus, but, having acted thereon, alleged error in its proceedings cannot be thus reviewed."

We hold that, in a case where the Common Pleas Court has jurisdiction of the subject-matter and of the person of the defendant, it has the power to compel the commission to comply with the provisions of §1465-90, GC, with reference to filing, in the Common Pleas Court, a transcript of its record. In such a situation the plaintiff is not required, by §871-40, GC, to suspend his proceedings in the Common Pleas Court and resort to the Supreme Court for an order to compel the commission to certify its record.

Judgment affirmed.

WASHBURN, PJ, and FUNK, J, concur in judgment.